## Becker v. Becker

C.P. of Chester County, no. 1277 N 1996.

*Catherine H. Voit,* for plaintiff.
*Charles J. Becker III,* pro se.

ENDY, *S.J.,* June 7, 2000—Before the court are cross-petitions for modification of a support order entered by stipulation on June 9, 1999. Christine Becker requests a general increase in support and a contribution from Mr.

Becker towards her children's private Catholic school tuition. She cites as a change in circumstances her ex-husband's recent refusal to pay for the children's education, an expense he had historically assumed. Charles Becker III, seeks a downward modification of support on the basis of financial difficulties and new family responsibilities. Having carefully reviewed the testimony and exhibits and analyzed the parties' respective financial situations, we conclude Mr. Becker is entitled to a decrease in child support and will not be required to contribute to the children's private school tuition. For the following reasons, Mr. Becker's petition for modification is granted and Ms. Becker's petition is denied.

Christine and Charles Becker III, married on June 17, 1978. They have three children, Charles IV (a/k/a James), born October 24, 1982, Katherine, born March 16, 1990, and Lauren, born August 30, 1991, all of whom reside primarily with Ms. Becker. After 19 years of marriage, the Beckers divorced and each has since remarried. Ms. Becker's new husband earns roughly $86,000 per year. He has to support four children from a previous marriage. Additionally, Ms. Becker and her new husband have a child together. Ms. Becker's occupation is that of housewife and mother to her children. Mr. Becker and his new wife, Julie, also have a young son together and are expecting their second child soon. Mr. Becker's new wife is likewise not employed outside the home.

Mr. Becker is employed by Charles J. Becker & Bros. Inc., a purveyor of supplies for various school districts, including St. Patrick Parish, the school system the Beckers' two younger children attend. Mr. Becker is a salesman. Prior to equitable distribution he was also a shareholder. The parties' property settlement agreement,

however, required Mr. Becker to cash in all of his stocks and withdraw significant sums from his pension and 401K accounts to meet his contractual obligations. First, the agreement required Mr. Becker to withdraw $103,000 from his interest in the company's profit-sharing plan to pay certain marital debts. Secondly, paragraph 12C of the agreement required Mr. Becker to pay Ms. Becker the sum of $157,117. The agreement specified that the proceeds from Mr. Becker's stock redemption were to be applied to this obligation. The agreement next provided that Mr. Becker was to satisfy the outstanding balance by paying Ms. Becker the sum of $19,000 prior to December 31, 1998 and then remitting to her the additional sum of $13,623.40 per year for the next five years, beginning on December 31, 1999. Lastly, paragraph 12E(2) of the agreement required Mr. Becker to withdraw from his profit-sharing plan for payment to Ms. Becker the additional sum of $215,439.70, representing her marital share of his interest in the company's profit-sharing and pension plan. As a result of these distributions from his pre-tax benefit plans, Mr. Becker incurred a substantial debt to the IRS, of which $19,000 remains unsatisfied.

Mr. Becker's gross income consists of wages, including added-back personal use of a company automobile and nominal taxable interest income. We did not include the sums received from Mr. Becker's stock redemption or pension and profit-sharing plan withdrawals as this money was transferred to Ms. Becker in satisfaction pro tanto of his liability in equitable distribution. In 1999, Mr. Becker earned $90,574.

Using a tax status of married filing jointly with three exemptions and the standard deduction, we estimated

Mr. Becker's federal taxes at $15,438, his state taxes at $2,536, his local Philadelphia wage tax at $4,524 and his FICA/Medicare obligation at $5,877, for a total tax liability of $28,375. Deducting this sum from his gross income, Mr. Becker is left with a net annual income of $62,199, or $5,183 net per month.

The parties stipulated that both Christine Becker and Julie Becker have zero earning capacities. As a result, Mr. Becker is 100 percent responsible for his children's support. According to the statewide guidelines, Mr. Becker's child support obligation for James, Katherine and Lauren Becker, his children with Christine, is $1,606 per month. This is a reduction from his obligation under the June 9, 1999 order and is the result of a decline in his income. Mr. Becker argued that he should receive a deviation from the guideline support award for his financial responsibilities to his new child; however, such a deviation is generally warranted only when the obligor's total basic child support obligations exceed 50 percent of his or her monthly net income. Pa.R.C.P. 1910.16-7(1), 42 Pa.C.S. Mr. Becker's support obligation for the young child with his new wife is $952 per month. Mr. Becker's total basic child support obligations equal $2,658 per month, which sum is less than 50 percent of is monthly net income. Consequently there will be no deviation from the guidelines at this time on the basis of Mr. Becker's new family.

Ms. Becker's request for a contribution from Mr. Becker towards the children's private Catholic school tuition will be denied. Although Mr. Becker has historically shouldered this responsibility, we find it unreasonable in light of Mr. Becker's outstanding tax liability and his continuing financial obligation to Ms. Becker, both

of which stem from equitable distribution, to require him to continue to bear this burden at present.

Except as modified above, all provisions of the June 9, 1999 order remain in full force and effect. Mr. Becker will be entitled to receive a credit in the amount of $100 per month for any overpayments made from the effective date of today's order. The effective date of this order will be September 27, 1999.

### ORDER

And now, June 7, 2000, consistent with the foregoing and based on this court's determination that Ms. Becker's monthly net income is $0 and Mr. Becker's monthly net income is $5,183, it is hereby ordered and decreed that Charles J. Becker III's petition for modification, filed September 27, 1999, is granted, Christine Becker's petition for modification, filed August 2, 1999 is denied, and:

(1) Charles J. Becker III shall pay to the Support Collection and Disbursement Unit in Harrisburg, Pennsylvania for transmission to Christine Becker the sum of $1,606 per month in support of the parties' three minor children, Charles IV (a/k/a James), d.o.b. October 24, 1982; Katherine, d.o.b. March 16, 1990; and Lauren, d.o.b. August 30, 1991;

(2) Except as modified above, all terms of the parties' June 9, 1999 order remain in full force and effect;

(3) Charles J. Becker III shall receive a credit in the amount of $100 per month for overpayments made from the effective date of this order;

(4) The effective date of this order is September 27, 1999.